249-07/MEU/MAM
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
SEA CHALLENGER SHIPHOLDING S.A.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SEA CHALLENGER SHIPHOLDING S.A.,              07-Civ_____ (   )

                              Plaintiff,
  - against –                                   **VERIFIED COMPLAINT**

AGRITRADE INTERNATIONAL (PTE) LTD.,

                              Defendants.
-------------------------------------------------------------------x

       Plaintiff, SEA CHALLENGER SHIPHOLDING S.A. (hereinafter "SEA CHALLENGER"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant AGRITRADE INTERNATIONAL (PTE) LTD. (hereinafter "AGRITRADE"), alleges upon information and belief as follows:

       1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/282832.1

2. At all times relevant hereto, Plaintiff SEA CHALLENGER was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands.

3. At all times relevant hereto, Defendant AGRITRADE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 32 Hong Kong Street, Singapore 059671.

4. On or about February 7, 2007, Plaintiff SEA CHALLENGER, as owner, and Defendant AGRITRADE, as charterer, entered into a maritime contract of charter party on an Amended VEGOILVOY form for the use and operation of the M/V SEA CHALLENGER to carry a cargo from one safe port / one safe berth straits each out of Pgg, Port Kelang, Belawan, and Dumai to one safe port / one safe berth Colombo and one safe port/one safe berth Calcutta.

5. On or about March 13, 2007, SEA CHALLENGER issued an invoice to AGRITRADE showing a balance due to SEA CHALLENGER in the amount of $92,669.23.

6. The foregoing amount reflects demurrage due and owing from AGRITRADE to SEA CHALLENGER.

7. Despite due demand and in breach of the terms of the charter party, Defendant AGRITRADE has failed and otherwise refused to pay the amounts presently due and owing to Plaintiff SEA CHALLENGER.

8. On April 24, 2007, SEA CHALLENGER commenced arbitration proceedings in London against Defendant AGRITRADE pursuant to the terms of the charter party contract which requires all disputes arising thereunder to be submitted to London arbitration with English law to apply.

9. Plaintiff SEA CHALLENGER expressly reserves its right to arbitrate the substantive matters at issue.

10. Upon information and belief, and after investigation, Defendant AGRITRADE cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendant (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

11. As best as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by SEA CHALLENGER against AGRITRADE includes:

(a) Outstanding demurrage in the amount of $92,669.23;

(b) Interest on the above sum in the amount of $13,796.76, calculated on the above sum at the rate of 7% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final judgment against Defendant AGRITRADE, which interest is recoverable under English law;

(c) Legal fees, arbitrator fees and costs that will be incurred by SEA CHALLENGER in respect of the London arbitration which are recoverable pursuant to English law, and which, pursuant to the advices of English solicitors, are estimated to be in the sum of $30,000.00;

**For a total sought to be attached of $136,465.99.**

WHEREFORE, Plaintiff SEA CHALLENGER SHIPHOLDING S.A. prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $92,669.23, plus interest, costs and attorneys fees;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of **$136,465.99,** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of the Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

    c.      That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

    d.      For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       May 9, 2007

                FREEHILL HOGAN & MAHAR, LLP
                Attorneys for Plaintiff
                SEA CHALLENGER SHIPHOLDING S.A.

By: _____
       Michael E. Unger (MU 0045)
       80 Pine Street
       New York, NY 10005
       (212) 425-1900 / fax (212) 425-1901

## ATTORNEY VERIFICATION

State of New York )
) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
9th day of May, 2007.

_____
Notary Public
MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/282832.1               6